**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| 218 Broadway, LLC and Pentalon Construction, Inc., <br><br> Plaintiffs, <br> v. <br><br> J.P. Morgan Chase Bank, N.A.; Wells Fargo Bank, N.A.; and John Doe Chase Employees #1-#10, <br><br> Defendants. | 25-cv-07386 (LJL) <br><br><br> <u>PROTECTIVE ORDER</u> |

LEWIS J. LIMAN, United States District Judge:

WHEREAS Plaintiffs 218 Broadway LLC and Pentalon Construction, LLC and Defendants JPMorgan Chase Bank, N.A. and Wells Fargo Bank, N.A. (collectively, the "Parties," and each individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public

disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material" or "Highly Confidential Discovery Material") shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

    (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously nondisclosed non-public, commercially sensitive, internal, and/or proprietary information relating to any Party, their affiliates, and/or their business;

2

(c)     previously nondisclosed material relating to ownership or control of any non-public company;

(d)     previously nondisclosed business plans, product development, marketing, or other similar internal information;

(e)     any information of a personal or intimate nature regarding any individual;

(f)     previously nondisclosed company business records maintained as non-public in the ordinary course;

(g)     any information, the disclosure of which may, in the good faith judgment of the producing Party, impact or affect the conduct of that Party's business or the business of any of the Party's customers or clients, as well as any information copied or extracted therefrom;

(h)     any other category of information hereinafter given confidential status by the Court.

3.     The producing Party may designate Discovery Material as Highly Confidential only that Confidential Discovery Material that the Party reasonably and in good faith believes contains:

(a)     highly sensitive and/or proprietary information, the disclosure of which would result in competitive, commercial, and/or financial harm to the person producing or its employees, affiliates, clients, or customers; or

(b)     material that a producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Discovery Material.

4.     With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by: (a) stamping or

otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility; or (b) in the case of electronically stored information produced in the native format, by including "Confidential" or "Highly Confidential" as applicable, in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential," as applicable, to the media containing the Discovery Material, or by accompanying the production with a cover letter clearly stating how the Discovery Material is being designated hereunder. Where only a portion of a document has been designated as Confidential or Highly Confidential, the producing Party shall produce for future public use another copy of said Discovery Material with the confidential information redacted.

5.    With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been

designated Confidential or Highly Confidential.

6.  Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential shall not constitute a waiver of such claim and can be corrected. If at any time prior to the termination of this action, a producing Party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or Highly Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential. In addition, the producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within ten business days of providing such notice. A receiving Party shall not be in breach of this Protective Order for any use of such unintentionally non-designated or inadvertently mis-designated Discovery Material before the receiving Party receives notice of the inadvertent failure to designate.

7.  Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.  Each Party reserves all rights as to arguments to be made at a later juncture in these proceedings.

8.  No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    (a)    the Parties to this action and their directors, officers, managers, employees, and/advisors, or any subsidiary or affiliate thereof, who are directly assisting with

or making decisions concerning this litigation;

(b)    any insurers to any Party and counsel to such insurer, as may be applicable;

(c)    counsel who represent any Party in this action (including in-house counsel), including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

(d)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(e)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having obtained or received a copy (or in the case of meeting minutes, presentations, and other similar materials, an attendee or presenter at the meeting);

(g)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i)    stenographers engaged to transcribe depositions conducted in this action; and

(j)     this Court, including any appellate court, and the court reporters and support personnel for the same.

9.    Where a producing person has designated Discovery Material as Highly Confidential, other persons subject to this Order may disclose such information only to the following categories:

(a)    outside counsel who represent any Party in this action, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

(b)    in-house counsel who are directly assisting with or making decisions concerning this litigation, including but not limited to the General Counsels affiliated with any Party and any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter, provided that such in-house personnel first execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person or entity has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)    fact witnesses in this action who are current or former directors, officers, or employees, or corporate designees of the producing Party under Fed. R. Civ. P. 30(b)(6), but only at deposition or trial or in preparation therefor, and only where the Discovery Material designated as Highly Confidential relates to their service or employment for the producing Party and so it is reasonable to believe that the witness

7

may have knowledge related to the Discovery Material designated as Highly Confidential, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)    any person a Party has retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided this person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, and if this person is ultimately designated as an expert pursuant to the expert disclosure deadlines set forth in the Scheduling Order in this case, is identified at that time as someone who received Discovery Material designated as Highly Confidential and executed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

(h)    this Court, including any appellate court, its support personnel, and court reporters.

10.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(e), (g) or (h) above, or of any Highly Confidential Discovery Material to any person referred to in 9 (b) - (f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request.

11.    Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement

8

promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

12. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. Recipients of Confidential or Highly Confidential Discovery Material under this Protective Order may use such material solely for the prosecution, defense, resolution, or settlement of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential or Highly Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a

request, will provide written notice to the producing Party that originally produced the Confidential or Highly Confidential Discovery Material, through counsel, within 3 business days of receipt of the demand, and if permitted by the time allowed under the request, at least 10 business days before any disclosure. The Party receiving the subpoena, demand, or request, and providing the requisite notice of receipt to the producing Party, must promptly object to production on the grounds of the existence of this Order. Upon receiving such notice, the producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party deems it appropriate to do so. The receiving Party agrees to coordinate with the producing Party to protect Confidential or Highly Confidential Discovery Material to the fullest available extent.

15. A producing Party's disclosure of information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the Bank Examiner Privilege or any other privilege, immunity, or prohibition on disclosure ("Privileged Information") shall not constitute a waiver or forfeiture – in this or any other federal or state action – with respect to such Privileged Information or of any claim of privilege, protection, immunity, or prohibition that the producing Party would otherwise be entitled to assert with respect to the Privileged Information and/or its subject matter, provided that the producing Party promptly notifies the receiving Party, in writing, of the production of such privileged or protected information after its discovery of the same. The producing Party must specifically and individually identify the Privileged Information which it unintentionally produced to the receiving Party. Upon written notification of the production of privileged materials (hereafter referred to as "Identified Materials") by the producing Party, the receiving Party shall return, destroy, or delete the Identified Materials

10

as requested by the producing Party.  If the receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

(a)     The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.

(b)     The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

(c)     The receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

(d)     The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

(e)     If any receiving Party is in receipt of a document from a producing Party which the receiving Party has reason to believe is privileged, the receiving Party shall in good faith take reasonable steps to promptly notify the producing Party of the production of that document so that the producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Protective Order.

If the receiving Party challenges a notification of Identified Materials and/or claim of privilege, protection, or immunity asserted by the producing Party, the receiving Party must – within five business days of receipt of the notice of disclosure and designation of Identified

11

Materials – move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion").  The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the Disclosure Motion, the receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

16.     The Parties agree that a receiving Party may use artificial intelligence software and services (together, an "AI Model") to aid in the processing, review, and analysis of Discovery Material in this litigation, provided however that any such AI Model must protect the confidentiality of the information as required by this Protective Order.  The Parties expressly agree that no receiving Party will submit any Discovery Material received pursuant to this Protective Order to an AI Model that is open or available to the public, including ChatGPT and similar tools.  The Parties further expressly agree that no receiving Party will submit any Discovery Material received pursuant to this Protective Order to any proprietary or closed AI Model unless it first ensures that the AI tool will not learn from, be trained on, or otherwise incorporate the Discovery Material for any purpose other than the prosecution or defense of this litigation.  Before a receiving Party submits Discovery Material received pursuant to this Protective Order to an AI Model in compliance with this paragraph, the receiving Party shall make certain that such Discovery Material will not be accessible to unauthorized persons and that it can be deleted from the AI Model in accordance with this Protective Order.

17.      Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. The Parties agree that a receiving Party shall maintain Discovery Material in a reasonably secure and safe manner, including reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information against unauthorized access and any other reasonably anticipated threats or hazards.

19. If a receiving Party or authorized recipient engaged by a receiving Party discovers the loss of any Discovery Material due to a breach of security, including any actual or suspected unauthorized access, relating to a producing Party's documents or information designated as Confidential Information or Highly Confidential, the receiving Party or authorized recipient shall: (1) promptly provide written notice to the producing Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the producing Party with assurances reasonably satisfactory to the producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the producing Party can reasonably ascertain the size and scope of the breach. The receiving Party or authorized recipient agrees to cooperate with the producing Party or law enforcement in investigating any such security incident.  Nothing herein shall constitute a waiver of legal rights and defenses regarding the protection of information from unauthorized disclosure.

20.  In the event that additional parties join or are joined in this Litigation, they shall not have access to Confidential or Highly Confidential Discovery Material designated hereunder until the newly joined party has agreed to be bound by the terms hereunder.

21. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential or Highly Confidential Discovery Material must either return it—including all copies thereof—to the producing Party, or, upon permission of the producing Party, destroy such material—including all copies thereof.  In either event, by the 60-day deadline,

13

the recipient must certify its return or destruction by submitting a written certification to the producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.  Nothing in this paragraph shall be construed to require a receiving Party to destroy Discovery Materials designated as Confidential or Highly Confidential retained on back-up tapes or to require the receiving Party to take unreasonably expensive or burdensome measures to effectuate the destruction of Discovery Material.

22.    All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(H) of this Court's Individual Practices in Civil Cases.  No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers.  All persons producing Confidential or Highly Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential or Highly Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material.  Notwithstanding its designation, there is no

14

presumption that Confidential or Highly Confidential Discovery Material will be filed with the Court under seal.  The Parties will use their best efforts to minimize such sealing.

23. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

24. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Highly Confidential Discovery Material itself, and not text that in no material way reveals the Confidential or Highly Confidential Discovery Material.

25. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential.  In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach.  Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

26. This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

27. All persons subject to this Protective Order acknowledge that willful violation of this

Protective Order could subject them to punishment for contempt of Court.  This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.


**SAUL EWING LLP**

By: */s/ Christie R. McGuinness*
Christie R. McGuinness, Esq.
Christie.mcguinness@saul.com
1270 Avenue of the Americas, Suite 2800
New York, New York 10020
*Counsel for Plaintiffs*


**GREENBERG TRAURIG, LLP**

By: */s/ Sylvia E. Simson*
Sylvia Simson
Anne Reddy
sylvia.simson@gtlaw.com
reddya@gtlaw.com
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
*Counsel for Defendant J.P. Morgan Chase Bank, N.A.*


**ZEICHNER ELLMAN & KRAUSE LLP**

By: */s/ Bryan D. Leinbach*
Bryan D. Leinbach
bleinbach@zeklaw.com
730 Third Avenue
New York, NY 10017
(212) 826-5313
*Counsel for Defendant Wells Fargo Bank, N.A.*


SO ORDERED:

_____
LEWIS J. LIMAN
United States District Judge
June 8, 2026

Dated: May ___, 2026
New York, New York

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| 218 Broadway, LLC and Pentalon Construction, Inc., <br><br><br>                                    Plaintiffs, <br><br>              v. <br><br> J.P. Morgan Chase Bank, N.A.; Wells Fargo Bank, N.A.; and John Doe Chase Employees #1-#10, <br><br><br><br>                                    Defendants. | 25-cv-07386 (LJL) <br><br><br> NON-DISCLOSURE <br> AGREEMENT |

LEWIS J. LIMAN, United States District Judge:

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential.  I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____